**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JULIO DAVID BALLADARES GUIDO,<br><br>Petitioner,<br><br>v.<br><br>JOSHUA JOHNSON et al.,<br><br>Respondents. | Case No. 5:26-cv-05012-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Julio David Balladares Guido filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his April 23, 2026 re-detention by U.S. Immigration and Customs Enforcement ("ICE"). See Dkt. 1 ("Petition"). Respondents did not appear or respond by the deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

For the reasons stated below, the Petition is **GRANTED**. Respondents shall release Petitioner Julio David Balladares Guido (A# 240-925-812) under appropriate conditions of supervision within 48 hours. The remaining claims and requests for relief are **DENIED**.

## II. BACKGROUND

Petitioner, a citizen of Nicaragua, entered the United States on or about June 17, 2022, and was released from ICE custody on his own recognizance without bond. See Petition ¶¶ 2, 30; Dkt. 1-1 (Ex. A). He was served with a Notice to Appear in October 2023 and placed in removal proceedings. See Ex. A. Between 2022 and 2024 he complied with the conditions of his release, including in-person check-ins, home visits, and biometric reporting through the Intensive Supervision Appearance Program; he has no criminal history. See Petition ¶¶ 3, 6, 32. An Immigration Judge denied his asylum application on January 6, 2026, and Petitioner timely appealed; that appeal remains pending before the Board of Immigration Appeals. See Petition ¶ 8; Dkt. 1-1 (Exs. B, C). On April 23, 2026, Petitioner was arrested while driving to work and transported to the Adelanto ICE Processing Center. See Petition ¶¶ 5, 32. The record discloses no reason for the re-arrest and no process afforded Petitioner before or since; he appears to have has received no custody redetermination hearing. See id. ¶ 31. Petitioner claims the re-detention violates the Fifth Amendment's Due Process Clause and seeks release, an injunction against re-arrest absent a hearing, and fees. See id., Prayer for Relief ¶¶ 2-9.

## III. DISCUSSION

A district court may grant habeas relief when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This Court has jurisdiction over a challenge to the statutory basis for present immigration detention that does not contest the validity of a removal order. See Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (per curiam).

No administratively final removal order has issued, so Petitioner's detention is governed by 8 U.S.C. §§ 1225 and 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). The record discloses neither

the provision Respondents invoke nor the instrument of the June 2022 release, but the analysis below turns on neither. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-appearing Respondents.

The Due Process Clause protects a person's interest in conditional liberty once he has been released. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the Supreme Court held that such liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and that its termination "calls for some orderly process." A noncitizen released from immigration custody who remains at liberty and complies with the conditions of release acquires a protected interest in his continued release. Petitioner did exactly that for nearly four years.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest—freedom from confinement after nearly four years of compliant liberty—is substantial. The risk of erroneous deprivation is high because Petitioner received no procedures at all: no notice, no opportunity to be heard, before or after his arrest. And no governmental interest appears: Respondents assert no danger, flight risk, violation of release conditions, or changed circumstances, and the pending, non-final removal order is not offered in support of the re-detention. The re-detention violated procedural due process.

The unopposed remedy is release restoring the status quo ante—the conditions of Petitioner's prior release. That disposition affords complete relief, so the Court does not reach Petitioner's remaining claims or the injunction request, and expresses no view on any future re-detention on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in part.

2. Respondents shall forthwith release Petitioner Julio David Balladares Guido (A# 240-925-812) on the conditions of release in effect immediately before his April 23, 2026 re-detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are **DENIED**.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: September 14, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge